

## NUMBER 13-13-00371-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

PETER ANTHONY TRAYLOR,                         Appellant,

**v.**

THE STATE OF TEXAS,                              Appellee.

---

### On appeal from the 366th District Court
### of Collin County, Texas.

---

## ORDER OF ABATEMENT

### Before Justices Rodriguez, Garza, and Perkes
### Order Per Curiam

Appellant, Peter Anthony Traylor, filed a notice of appeal with this Court from his conviction in trial court cause number 366-82774-2010.[1]   Appellant's brief was originally due on November 13, 2013.   Counsel filed a motion for extension of time until December

---

[1] This case is before the Court on transfer from the Fifth Court of Appeals in Dallas pursuant to a docket equalization order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

13, 2013, which was granted by the Court. On January 6, 2014, the Clerk of the Court notified appellant's counsel that the brief had not been filed and requested a response ,within ten days, concerning the failure to file the brief within ten days. Counsel has nevertheless failed to file either a response or an appellate brief in this matter.

Accordingly, we now ABATE this appeal and REMAND the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. Upon remand, the trial court shall utilize whatever means necessary to make appropriate findings and recommendations concerning the following: (1) whether appellant desires to prosecute this appeal; (2) why appellant's counsel has failed to file a brief and whether counsel has effectively abandoned the appeal; (3) whether appellant has been denied effective assistance of counsel; (4) whether appellant's counsel should be removed; and (5) whether appellant is indigent and entitled to court-appointed counsel.

If the trial court determines that appellant does want to continue the appeal, that present counsel should be removed, and that appellant is indigent and entitled to court-appointed counsel, the trial court shall appoint new counsel to represent appellant in this appeal. If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in an order appointing counsel.

The trial court shall cause its findings and recommendations, together with any orders it may enter regarding the aforementioned issues, to be included in a supplemental clerk's record. Furthermore, the trial court shall cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record

2

and supplemental reporter's record, if any, shall be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order.

It is so ORDERED.

PER CURIAM

Do not publish
Tex. R. App. P. 47.2(b).

Delivered and filed the
19th day of February, 2014.